116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriel A. HUERTA, Petitioner-Appellant,
v.
Chuck MARSHALL, Warden Pelican Bay State Prison; James H.
Gomez, Director; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-55427.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1997.
Decided June 5, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-94-07549-DT; Dickran M. Tevrizian, District Judge, Presiding.
 
 
 2
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI,** United States Court of International Trade Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 California state prisoner Gabriel A. Huerta appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on retrial for second degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]
 
 
 5
 We review de novo a district court's denial of a section 2254 habeas petition. See Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). A claim of ineffective assistance of counsel is a mixed question of law and fact reviewed de novo. See McDowell v. Calderon, 107 F.3d 1351, 1356 (9th Cir.1997).
 
 
 6
 Huerta first contends that the district court erred by deferring to the state court's opinion as findings of fact in denying Huerta's ineffective assistance of counsel claim. Questions of fact are, however, entitled to the statutory presumption of correctness. See id. Federal courts are not bound by state court findings of fact that are not fairly supported by the record. See id.
 
 
 7
 The district court, quoting verbatim from the state court's opinion, found that Huerta's grievances about counsel's representation were essentially disputes over tactical decisions and that counsel's representation of Huerta was effective. Although the district court may have erred by deferring to the state court's legal conclusion that counsel made a valid tactical decision, the district court properly deferred to the underlying findings of fact regarding Huerta's ineffective assistance of counsel claim because those findings were supported by the record. See Strickland, 466 U.S. at 698; Sumner, 455 U.S. at 597.
 
 
 8
 To succeed on a claim of ineffective assistance of counsel, the defendant must not only establish that counsel's performance was deficient, see Strickland, 466 U.S. at 687, the defendant must also show that counsel's deficient performance prejudiced the defense. See id.
 
 
 9
 The facts are summarized in this court's previous memorandum decision. See Huerta v. Bunnell, No. 89-55416 (9th Cir. Feb. 8, 1990). Essentially, Huerta had a heated argument with Octavio Cardoso, and Guadalupe Nunez left the scene and returned about thirty minutes later with a loaded shotgun. He shot and killed the victim, Nunez. The central issue at both trial and retrial was who shot first, Huerta or Cardoso.
 
 
 10
 Following his first trial, Huerta discovered a police report which indicated that bullet damage occurred to a vehicle parked across the street from the crime scene. After Huerta pursued his habeas remedies in both state and federal court, this court reversed the district court's denial of Huerta's first habeas petition and remanded for an evidentiary hearing. We reasoned that Huerta had proffered evidence that would have given rise to a reasonable doubt as to whether he was guilty of first degree murder.
 
 
 11
 On retrial, Huerta was convicted of second degree murder.[2] Huerta now contends that his attorney on retrial was ineffective. Because counsel concedes that he had no tactical reasons for the omissions about which Huerta complains, we presume that counsel's performance was deficient. See Sanders, 21 F.3d at 1456.[3]
 
 
 12
 Huerta contends that his defense was prejudiced because his attorney: (1) failed to offer Cardoso's testimony from the federal evidentiary hearing; (2) failed to subpoena Detective Kallestad, the officer who investigated the crime scene and the bullet damage to Harold Fuller's vehicle; and (3) failed to offer the "Stipulation on Undisputed Facts" entered into during the federal evidentiary hearing. Huerta contends that these three pieces of evidence would have bolstered his self-defense argument by establishing that Cardoso shot first.
 
 
 13
 Although Huerta's counsel may have been deficient, Huerta was not prejudiced by counsel's performance. See Strickland, 466 U.S. at 487. To the extent Huerta had a valid self-defense argument, see People v. Garcia, 79 Cal.Rptr. 833, 836 (Cal.Ct.App.1969), Huerta fully presented this argument at retrial and the evidence of the bullet damage to Fuller's vehicle was before the jury. Accordingly, the district court did not err by denying Huerta's petition for a writ of habeas corpus. See Sanders, 21 F.3d at 1451.
 
 
 14
 We have considered Huerta's additional contentions and conclude that they lack merit. First, we reject Huerta's contention that he was denied due process in state court because he was forced to represent himself at his motion for a new trial. A defendant who makes a motion during trial for substitution of counsel based on incompetence is not entitled to an automatic appointment of a new attorney. See Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir.1990). Moreover, Huerta has not demonstrated that there was a breakdown in his relationship with counsel. See id. Second, because the state court records are adequate to review Huerta's allegations of ineffective assistance of counsel, Huerta was not entitled to an evidentiary hearing. See Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir.1984).
 
 
 15
 AFFIRMED.
 
 
 
 **
 The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The new federal habeas reform legislation contained in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-332, 110 Stat. 1214 ("AEDPA"), does not apply to this case. See Jeffries v. Wood, No. 95-99003, slip op. 5693, 5726 (9th Cir. May 12, 1997) (holding that the AEDPA does not apply to cases filed in the federal courts of the Ninth Circuit prior to April 24, 1996)
 
 
 [2]
 Cardoso was unavailable to testify at the retrial
 
 
 [3]
 We reject Huerta's contention that counsel was ineffective for failing to prepare Harold Fuller, the owner of the bullet-damaged vehicle, for the retrial because the record reflects that Fuller missed his flight before the retrial. Accordingly, counsel was not deficient with regard to Fuller. See Strickland, 466 U.S. at 687